# EXHIBIT A

30August2025

Dear Dr. Gerardo Martinez,

Our child, ▮▮▮ L▮, is very excited for the 2025-2026 school year. We are writing to notify you that we will be exercising our right to opt our child out from the following:

1. Please exempt our child from all lessons, events, school assemblies or other instructional activities and programs which cover sex education or human sexuality issues, pursuant to Massachusetts General Laws Chapter 71, Section 32A. Please also notify me in advance when such lessons, events, activities, etc. are scheduled.

2. Please exempt our child from lessons, events, school assemblies or other instructional activities and programs which cover issues of sexual orientation or gender identity, pursuant to the U.S. Supreme Court's decision in Mahmoud v. Taylor. Please also notify me in advance when such lessons, events, activities, etc. are scheduled. The school's views on these issues conflict with our religious beliefs and instructing our child on these topics at school would substantially interfere with our constitutional right to instill our religious values in our child, as well as our fundamental parental rights.

3. Please exempt our child from any surveys, whether formal or informal, that ask about our child's sexual orientation, gender identity, mental health, religion, political beliefs, sexual behavior, drug use, family issues, or racism or racial attitudes, pursuant to the PPRA, 20 U.S. Code § 1232h. Please notify me in advance about any such surveys.

4. Do not use an alternate name or pronouns for our child to reflect a different gender identity at school. Doing so would violate our religious beliefs and substantially interfere with our constitutional right to direct our child's religious upbringing, as well as our fundamental parental rights.

As we are sure you know, state law also requires that no student shall be penalized by reason of any exemptions allowed by law, for example by denying him or her course credit. The Massachusetts Department of Elementary and Secondary Education further advises that, "In order to ensure that all students receive the structured learning time due them, the school should make efforts to accommodate the exempted student in another class, assign an alternative educational project, or provide the student with a directed study period for the duration of the exemption." See Commissioner of Education's April 7, 1997 "Advisory Opinion on the Parental Notification Law."

# EXHIBIT A

Thank you for understanding our position and for your attention to this matter. If you have any questions regarding this letter, you can contact us at ▆▆▆▆ or ▆▆▆▆.

We are looking forward to a great school year!


Respectfully,

Alan L▆

# EXHIBIT B

From: So, Andrea <aso@lexingtonma.org>
Date: Fri, Sep 5, 2025, 08:19
Subject: Re: Response to Opt-Out Request
To: Alan L█ <█████████>
Cc: Dr. Gerardo Martinez <gmartinez@lexingtonma.org>

Dear Mr. L█:

On August 30th, you submitted a written request to the District to opt your child, J████ L█ out of a portion of the curriculum or educational requirement of the District on the basis of your religious beliefs.

With respect to your request to opt J████ out of sexual education and human sexuality, we will accommodate that request in accordance with MGL c. 71 s. 32A. Please note that there is no sexual education and human sexuality education in Kindergarten.

I am also requesting further clarification regarding your other opt-out requests. Please note that a request for religious opt-out may be denied or returned for clarification if it does not clearly identify the specific *required* curriculum or instructional material at issue, or if it lacks sufficient detail to allow for meaningful review. Requests that are based on general educational disagreements, pedagogical preferences, philosophical views, or personal opinions, rather than sincerely held religious beliefs, do not qualify for exclusion under the *Mahmoud v. Taylor* standard. Requests that seek to opt-out of an entire course, subject area, or broad category of instruction without narrowly identifying a specific required curriculum may be rejected as overbroad. Your requests as written are overly broad and require further clarification as they seek to opt out of broad topics. Also, please note that under *Mahmoud v. Taylor*, you may opt your child out of *required* curriculum, but not general school events and activities.

Kindly please re-submit your opt-out request with more information regarding a specific lesson, or if you would like to review required curricular materials to better inform your request. I will promptly review your updated request when it is received.
If you have any questions regarding your request, or my decision to return your request for further clarification, please do not hesitate to contact me.

Best,

Andrea

EXHIBIT C



Dr. Gerardo J. Martinez  
Principal  
Joseph Estabrook Elementary School  
117 Grove Street  
Lexington, MA 02420

September 10, 2025

Via Email and U.S. Mail  
gmartinez@lexingtonma.org

**Re: J████ L██ Curriculum Opt Out Request**

Dear Dr. Martinez,

      I write on behalf of my client, Mr. Alan L██, regarding his request to opt his ███, J████ L██, out of content that conflicts with his family's religious beliefs in ██ Kindergarten class at Estabrook Elementary School. The purpose of this letter is to clarify this request and to ensure that it is honored by the school.

      Mr. L██ submitted a written request to you on August 30 to opt his ██ out of certain content, including "lessons, events, school assemblies or other instructional activities and programs which cover issues of sexual orientation or gender identity, pursuant to the U.S. Supreme Court's decision in *Mahmoud v. Taylor*" (see attached letter). He explained that "[t]he school's views on these issues conflict with our religious beliefs and instructing our child on these topics at school would substantially interfere with our constitutional right to instill our religious values in our child, as well as our fundamental parental rights." In response, Elementary Curriculum Coordinator Andrea So sent Mr. L██ an email stating, "[y]our requests as written are overly broad and require further clarification as they seek to opt out of broad topics. Also, please note that under *Mahmoud v. Taylor*, you may opt your child out of required curriculum, but not general school events and activities" (see attached email). Ms. So requested that Mr. L██ resubmit his opt-out request "with more information regarding a specific lesson."

      Mr. L██ and his ███ J████ are committed Christians who attend a local church and follow the teachings of the Bible. As such, like the plaintiffs in *Mahmoud*, they believe that God created people in His image either male or female (see Gen. 1:27) and that human sexuality is a gift to be expressed only within the context of a one-man, one-woman marriage (see Matt. 19:5). They also believe that God created all people, regardless of skin color, in His image and that children should be taught to judge others by the content of their character rather than the color of their skin (see Acts 10:34-35). In addition, Mr. L██ believes that it is his role as J████'s parent to instill good values into J████, such as respect, kindness, and empathy, and to shape his ██'s concept of the world and of different identities, exclusively from Christian worldview (see Prov. 22:6). It would therefore violate Mr. L██'s religious beliefs to allow J████ to be instructed in

EXHIBIT C



non-academic content that focuses on diversity, equity, and inclusion issues, including issues of race and gender, from a secular worldview.

For these reasons, Mr. L▇ is requesting that J▇ be opted out of any instruction or other required activities that normalize or promote LGBTQ identities or lifestyles. He is also requesting that J▇ be opted out of the Kindergarten "DEI Curriculum" outlined in this Scope and Sequence document. Exposing J▇ to this content would burden Mr. L▇'s religious beliefs by interfering with his ability to instill those beliefs into J▇. Therefore, pursuant to *Mahmoud*, J▇ should be given an alternative assignment whenever this content is going to be taught. We understand that J▇ may not be receiving the full 1-on-1 time called for by ▇ IEP. Perhaps J▇ can receive these services during the time that the DEI Curriculum or other content specified above will be taught.

Finally, we would like to correct two claims made in Ms. So's email. First, it is not accurate to say that the *Mahmoud* decision does not apply to school events and activities. To the extent that an event or activity is part of a school's educational program, *Mahmoud* would require notice and an opportunity to opt out of such an event or activity if it presented content that undermined a parents' religious beliefs.[1] Second, it is also not accurate that parents cannot opt out of an entire category of content. *Mahmoud's* holding applied not just to the five storybooks at issue in that case, but also to "any other similar book" that promoted LGBTQ themes.[2] Parents are not required to scour a school's entire curriculum to identify any content that may contain themes that conflict with their religious beliefs. Once a parent has articulated their beliefs to the school, the burden is on the school to notify them when such content will be presented to their child in class. Teachers should know what they are teaching well enough to flag content that may conflict with a parent's expressed religious beliefs.

Accordingly, we expect that Mr. L▇ will be notified and given an opportunity to opt J▇ out of any instruction or other required activities that normalize or promote LGBTQ identities or lifestyles. We also expect that J▇ will be opted out of the Kindergarten DEI Curriculum. Please confirm at your earliest opportunity that this will be the case.

Very truly yours,

Sam Whiting
Counsel
Massachusetts Liberty Legal Center

---

[1] *Mahmoud v. Taylor*, 145 S. Ct. 2332, 2353 (2025) (applying holding to "educational requirement[s] or curricular feature[s]").
[2] *Id.* at 2364.

# EXHIBIT D





# EXHIBIT E



