# EXHIBIT F

**MASSACHUSETTS LIBERTY LEGAL CENTER**

Dr. Gerardo J. Martinez  September 10, 2025
Principal
Joseph Estabrook Elementary School
117 Grove Street
Lexington, MA 02420

Via Email and U.S. Mail
gmartinez@lexingtonma.org

**Re: J▇▇ L▇ Curriculum Opt Out Request**

Dear Dr. Martinez,

I write on behalf of my client, Mr. Alan L▇, regarding his request to opt his ▇, J▇ L▇, out of content that conflicts with his family's religious beliefs in ▇ Kindergarten class at Estabrook Elementary School. The purpose of this letter is to clarify this request and to ensure that it is honored by the school.

Mr. L▇ submitted a written request to you on August 30 to opt his ▇ out of certain content, including "lessons, events, school assemblies or other instructional activities and programs which cover issues of sexual orientation or gender identity, pursuant to the U.S. Supreme Court's decision in *Mahmoud v. Taylor*" (see attached letter). He explained that "[t]he school's views on these issues conflict with our religious beliefs and instructing our child on these topics at school would substantially interfere with our constitutional right to instill our religious values in our child, as well as our fundamental parental rights." In response, Elementary Curriculum Coordinator Andrea So sent Mr. L▇ an email stating, "[y]our requests as written are overly broad and require further clarification as they seek to opt out of broad topics. Also, please note that under *Mahmoud v. Taylor*, you may opt your child out of required curriculum, but not general school events and activities" (see attached email). Ms. So requested that Mr. L▇ resubmit his opt-out request "with more information regarding a specific lesson."

Mr. L▇ and his ▇ J▇ are committed Christians who attend a local church and follow the teachings of the Bible. As such, like the plaintiffs in *Mahmoud,* they believe that God created people in His image either male or female (see Gen. 1:27) and that human sexuality is a gift to be expressed only within the context of a one-man, one-woman marriage (see Matt. 19:5). They also believe that God created all people, regardless of skin color, in His image and that children should be taught to judge others by the content of their character rather than the color of their skin (see Acts 10:34-35). In addition, Mr. L▇ believes that it is his role as J▇▇'s parent to instill good values into J▇▇▇, such as respect, kindness, and empathy, and to shape his ▇'s concept of the world and of different identities, exclusively from Christian worldview (see Prov. 22:6). It would therefore violate Mr. L▇'s religious beliefs to allow J▇▇▇ to be instructed in

non-academic content that focuses on diversity, equity, and inclusion issues, including issues of race and gender, from a secular worldview.

For these reasons, Mr. L▆ is requesting that J▆ be opted out of any instruction or other required activities that normalize or promote LGBTQ identities or lifestyles. He is also requesting that J▆ be opted out of the Kindergarten "DEI Curriculum" outlined in this Scope and Sequence document. Exposing J▆ to this content would burden Mr. L▆'s religious beliefs by interfering with his ability to instill those beliefs into J▆. Therefore, pursuant to *Mahmoud*, J▆ should be given an alternative assignment whenever this content is going to be taught. We understand that J▆ may not be receiving the full 1-on-1 time called for by ▆ IEP. Perhaps J▆ can receive these services during the time that the DEI Curriculum or other content specified above will be taught.

Finally, we would like to correct two claims made in Ms. So's email. First, it is not accurate to say that the *Mahmoud* decision does not apply to school events and activities. To the extent that an event or activity is part of a school's educational program, *Mahmoud* would require notice and an opportunity to opt out of such an event or activity if it presented content that undermined a parents' religious beliefs.[1] Second, it is also not accurate that parents cannot opt out of an entire category of content. *Mahmoud's* holding applied not just to the five storybooks at issue in that case, but also to "any other similar book" that promoted LGBTQ themes.[2] Parents are not required to scour a school's entire curriculum to identify any content that may contain themes that conflict with their religious beliefs. Once a parent has articulated their beliefs to the school, the burden is on the school to notify them when such content will be presented to their child in class. Teachers should know what they are teaching well enough to flag content that may conflict with a parent's expressed religious beliefs.

Accordingly, we expect that Mr. L▆ will be notified and given an opportunity to opt J▆ out of any instruction or other required activities that normalize or promote LGBTQ identities or lifestyles. We also expect that J▆ will be opted out of the Kindergarten DEI Curriculum. Please confirm at your earliest opportunity that this will be the case.

Very truly yours,

*Sam Whiting*

Sam Whiting
Counsel
Massachusetts Liberty Legal Center

---

[1] *Mahmoud v. Taylor*, 145 S. Ct. 2332, 2353 (2025) (applying holding to "educational requirement[s] or curricular feature[s]").
[2] *Id.* at 2364.