UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ALAN L.**, on behalf of himself and his minor child, **J.L.**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**LEXINGTON PUBLIC SCHOOLS, et al.**,<br><br>　　　　Defendants. | Civil Action No.<br>25-13047-FDS |

## AMENDED PRELIMINARY INJUNCTION

**SAYLOR, J.**

After a hearing, and after consideration of the pleadings and record evidence, for good cause shown, and pursuant to Fed. R. Civ. P. 65, the Court hereby preliminarily enjoins defendants Lexington Public Schools, Lexington School Committee, Julie Hackett, Gerardo Martinez, and Andrea So, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with them (collectively, "defendants"), pending trial on the merits in this action, as follows:

1. As used in this preliminary injunction, the term "**Identified Books**" shall refer to the following books: "Families, Families, Families!"; "All are Welcome"; "Prince and Knight"; "Maiden and Princess"; "Stella Brings the Family"; "Lovely"; "Love Makes a Family"; "A Family is a Family is a Family"; "This Day in June"; and "You Have a Voice."

2. As used in this preliminary injunction, the term "**Other LGBTQ+ Educational Materials**" shall refer to the following: all materials, other than the Identified Books,

whether in the form of books, lessons, instructions, syllabi, teaching guides, other written materials, or audio or video materials (a) that are planned or expected to be taught in the classroom, or otherwise used in connection with teaching or school activities, at the kindergarten level at Joseph Estabrook Elementary School during the 2025-26 school year; and (b) that depict or describe LGBTQ+ characters, relationships, or activities, or LGBTQ+ political or social advocacy.

3. Defendants shall make reasonable efforts to ensure that J.L. is not taught or otherwise exposed to the content of the **Identified Books**, whether in the classroom or any other school setting.

4. By **January 20, 2026**, defendants shall provide plaintiff with copies of any **Other LGBTQ+ Educational Materials** in their possession.

5. By **January 27, 2026,** plaintiff shall specifically identify in writing any **Other LGBTQ+ Educational Materials** that he contends would burden his free-exercise rights by "substantially interfer[ing] with" J.L.'s "religious development" or posing a "very real threat of undermining the religious beliefs and practices" he wishes to instill in J.L.

6. After receipt of plaintiff's written response, defendants shall make reasonable efforts to ensure that J.L. is not taught or otherwise exposed to all **Other LGBTQ+ Educational Materials** identified by plaintiff, whether in the classroom or any other school setting.

7. If defendants contend that certain **Other LGBTQ+ Educational Materials** identified by plaintiff do not or cannot amount to a substantial burden on plaintiff's free-exercise rights, they shall promptly bring the issue to the Court's attention for

resolution, but shall refrain from teaching or exposing J.L. to the materials until the Court has the opportunity to address the matter. Defendants' failure to object to any **Other LGBTQ+ Educational Materials** identified by plaintiff shall not constitute an admission that such materials substantially burden plaintiff's free-exercise rights.

8. If defendants make or intend to make any additions or changes that would add new content that would qualify as **Other LGBTQ+ Educational Materials**, defendants shall provide plaintiff with written notice of those additions or changes and copies of the new content as soon as reasonably practicable. Plaintiff shall promptly notify defendants in writing of any such materials that he contends would be objectionable under the standard established in Paragraph 5 of this Order, and defendants shall then make reasonable efforts to ensure that J.L. is not exposed to those materials in the classroom or any other school setting.

9. Defendants shall make reasonable efforts to ensure that J.L. is able to receive reasonable and age-appropriate alternative instruction during any time he is removed from his classroom or any school assembly or activity in order to comply with this order.

10. Defendants shall not retaliate against plaintiff or J.L. in any manner as a result of plaintiff's exercise of his constitutional rights.

11. Because the Court finds that defendants are unlikely to incur any compensable damages or costs in the event that this injunction is later vacated or modified, plaintiff shall be required to post a nominal injunction bond of $1 under Fed. R. Civ. P. 65(c).

12. This preliminary injunction shall remain in place until vacated, modified, or superseded by the Court or until trial of this matter on the merits. If this matter is not

resolved before J.L. begins attending first grade, any motion seeking to update or modify this preliminary injunction shall be filed no later than 90 days prior to the first day of the 2026-27 school year.

**So Ordered.**

Dated at Boston, Massachusetts
December 30, 2025, 5:40 p.m.

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge