UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-cv-13047-FDS

ALAN L., on behalf of himself and his minor
Child, J.L.,
    Plaintiff,

v.

LEXINGTON PUBLIC SCHOOLS; LEXINGTON
SCHOOL COMMITTEE; DR. JULIE HACKETT, in
individual and official capacity as Superintendent of
the Lexington Public School District; DR. GERARDO
J. MARTINEZ, in his individual and official capacity
as Principal of Joseph Estabrook Elementary School and;
ANDREA SO, in her individual and official
Capacity as Director of Elementary Education,
       Defendants.

### NOTICE BY DEFENDANTS TO COURT REGARDING
### FURTHER CONTESTED MATERIALS
### AND
### REQUEST FOR CLARIFICATION

NOW COME the defendants, Lexington Public Schools ("LPS"), Lexington School Committee, Dr. Julie Hackett ("Hackett"), Dr. Gerardo Martinez ("Martinez") and Andrea So ("So"),[1] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and respectfully (1) provide notice to the Court of contested materials pursuant to the Court's Amended Order; and (2) request clarification necessary for implementation of the Court's Amended Order. (Dkt. No. 37, Amended Order dated 12/30/25).

---

[1] Collectively referred to herein as "Defendants."

Plaintiff has identified several books as "Other Identified LGBTQ+ Educational Materials" pursuant to the Amended Order. (See Opt-Out List for J.L. for 2025-2026 Kindergarten School Year, attached as Exhibit 1; Dkt. No. 37). Defendants have conferred with Plaintiff and the parties have reached an agreement as to most of these instructional materials. However, the parties were unable to reach an agreement as to the following two books:

1) Pink is for Boys, by Robb Pearlman[2]
2) Except When They Don't, by Dr. Laura Gehl[3]

**1. Pink Is For Boys**

Pink Is for Boys is expected to be presented within Lesson 5 of the DEI curriculum related to stereotypes. (See Portions of DEI Kindergarten Curriculum, attached as Exhibit 2, p. 2). Students will focus on the questions, "What is a stereotype?", "Why do people stereotype?", and "What are some ways we can stop stereotypes?" (Ex. 2, p. 2). The purpose of the lesson is to teach students what stereotypes are, how to recognize them, and to think of ways to stop them.

It is Defendants' position that the content of Pink Is for Boys has no relation to any LGBTQ+ concepts and does not "depict or describe LGBTQ+ characters, relationships, or activities, or LGBTQ+ political or social advocacy." (See Dkt. No. 39, ¶ 2). The book states that all the colors are for *both* boys and girls, and depicts children engaged in various states of play. There are no references to same-sex marriage, same-sex parenting, sexual identity or anything else that could reasonably be viewed as associated with the concept of one's sexual or gender identity. It is

---

[2] A read-aloud version of Pink is For Boys is available here: https://www.youtube.com/watch?v=C4ZqSRDdleQ&t=25s.
[3] A read-aloud version of Except When They Don't is available here: https://www.youtube.com/watch?v=czeE_xgvrIY.

Defendants' position that this book cannot amount to a substantial burden on Plaintiff's free-exercise rights and that J.L. is not entitled to be opted out of this portion of the curriculum when this book is presented to J.L.'s general education class in the event he is scheduled to be in the general-education classroom for this lesson.

2. **Except When They Don't**

Except When They Don't is an optional extension to Lesson 5 of the LPS kindergarten curriculum. (Ex. 2, p. 3). This book also presents the concepts of stereotypes, again depicting boys and girls in various states of play. It begins by stating various outdated stereotypes, such as,

> Boys play monster trucks with glee.
> Girls bake cakes and serve hot tea.
> …
> Boys cut bad guys down to size.
> Girls paint purple butterflies.[2]

At various points, the book states, "Except when they don't." This line is paired with an illustration that, unlike the prior images, does not comport with the stereotype that boys play with trucks while girls bake cakes and serve tea, e.g. In one such image, a boy wears a superhero cape while having a tea party. In another, a girl runs with a football while a boy in a football uniform and helmet cheers her on with pom-poms.

As in Pink Is for Boys, there are no references in Except When They Don't to same-sex marriage, same-sex parenting, transgender identities or anything else that may reasonably be viewed as associated with the concept of one's sexual or gender identity. It is Defendants' position that this book cannot amount to a substantial burden on Plaintiff's free-exercise rights and that J.L. should not be opted out of this portion of the curriculum in the event this book is planned or expected to be presented to J.L.'s general education class if J.L. is scheduled to be in the general-education classroom at that time.

### 3. Defendants Seek Clarification From the Court

Defendants are attempting to comply fully with the Court's Amended Order. However, given the potential ambiguity of the concepts represented by the "T," "Q" and "+" portions of the "LGBTQ+" acronym, Defendants seek further clarification from the Court.

It is Defendants' understanding that "transgender" (the "T" in LGBTQ+) refers to individuals whose gender identity differs from the sex they were assigned at birth.

Defendants also understand that "queer" (the "Q" in LGTBQ+) refers to anyone who is not heterosexual or whose gender identity does not correspond with the sex registered at birth.

Finally, Defendants understand the "+" in the LGBTQ+ acronym to represents all other non-heterosexual or non-cisgender sexual orientations and gender identities that are not specifically covered by the "LGBTQ" portion of the acronym.

Defendants seek the Court's acceptance of these definitions for purposes of implementing the Amended Order, and seek further clarification from the Court that instruction on gender-related stereotypes—instruction that counters outdated cultural norms that boys should play with trucks while girls should stick to baking cakes, or that boys should build rockets while girls should dance with ribbons, e.g., and which encourages children to explore interests that might not fit these outdated cultural norms—does not relate to sexual preferences or the concept of one's *gender identity*, and therefore does not fall within the scope of "LGBTQ+ characters, relationships, or activities, or LGBTQ+ political or social advocacy." (Dkt. No. 37, ¶ 2).

        Respectfully submitted,

        Defendants,
        LEXINGTON PUBLIC SCHOOLS,
        LEXINGTON SCHOOL COMMITTEE; DR.
        JULIE HACKETT; DR. GERARDO J.
        MARTINEZ and ANDREA SO,
        By their attorneys:

        */s/ Alexandra M. Gill*
        Douglas I. Louison (BBO# 545191)
        dlouison@lccplaw.com
        Alexandra 'Sasha' M. Gill (BBO# 663040)
        sgill@lccplaw.com
        Louison, Costello, Condon & Pfaff, LLP
        Ten Post Office Square, Suite 1330
        Boston, MA  02109
        617-439-0305

## **CERTIFICATE OF CONSULTATION PURSUANT TO L.R. 7.1**

      Pursuant to Local Rule 7.1(a)(2), I certify that on January 30, 2026, counsel conferred via telephone regarding this notice and request for clarification and attempted in good faith, but were unable, to resolve or narrow the issue(s).

        */s/ Alexandra M. Gill*
        Alexandra 'Sasha' M. Gill

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through ECF system on February 2, 2025, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this date. Email copies will be sent to those listed as non-participants on the ECF system.

        */s/ Alexandra M. Gill*
        Alexandra 'Sasha' M. Gill